UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA A. LANGDON,<br><br>            Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>            Defendant. | Case No.: 12-CV-2624 AJB (NLS)<br><br>ORDER:<br><br>(1) OVERRULING DEFENDANT'S OBJECTIONS TO THE REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE;<br><br>(2) ADOPTING THE REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE;<br><br>(3) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;<br><br>(4) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND<br><br>(5) REVERSING AND REMANDING THE FINAL DECISION OF THE COMMISSIONER TO THE SOCIAL SECURITY ADMINISTRATION.<br><br>[Doc. Nos. 19, 18, 13, and 15, respectively] |

      Presently before the Court is Laura A. Langdon's ("Plaintiff") Complaint, the parties' briefs, all papers and exhibits filed in support and opposition thereto, the Report and Recommendation ("R&R") of the Honorable Nita L. Stormes (Doc. No. 18), the

Objections to Report and Recommendation of the Commissioner of the Social Security Administration ("Defendant") (Doc. No. 19), and Plaintiff's Reply (Doc. No. 20). Having considered the parties' arguments and the law, the Court OVERRULES the Objections, ADOPTS the R&R in its entirety, GRANTS Plaintiff's Motion for Summary Judgment, DENIES Defendant's Cross-Motion for Summary Judgment, and REVERSES and REMANDS the final decision of the Commissioner to the Social Security Administration.

## BACKGROUND

The Magistrate Judge's R&R provides for a detailed summary of the relevant factual background and the Court will incorporate by reference to the background contained therein. The Court will briefly discuss facts as it pertains to the instant Motions. Plaintiff applied for Social Security disability benefits on January 23, 2009, alleging her condition rendered her unable to work on January 5, 2008. (Doc. No. 11 at 28, Administrative Record ("AR").) The application was initially denied on May 1, 2009, and her request for reconsideration was denied on September 22, 2009. (*Id.*) Plaintiff requested a hearing on November 12, 2009 and the hearing was scheduled for November 17, 2010. (*Id.*) At the hearing, Plaintiff, a vocational expert, and an internist testified. (*Id.*) The hearing was continued for the court to subpoena missing medical records and for Plaintiff to attend a psychiatric consultative examination. *Id.* A second hearing took place on March 3, 2011. (*Id.*) At the second hearing, Plaintiff, a medical expert and a vocational expert testified. (*Id.*)

The Administrative Law Judge ("ALJ") denied Plaintiff's request for benefits on March 25, 2011. (AR 28-39.) The ALJ found that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels. (AR 32.) In making this determination, the ALJ analyzed the documentary evidence, including medical records from Plaintiff's psychiatrist, Dr. Tata, and her psychologist, Dr. Alper. The ALJ also considered Plaintiff's own testimony as well as the testimony of examining psychiatrist Dr. Solimon.

1    Plaintiff began seeing psychiatrist Dr. Tata in 2008 for anxiety and depression. (AR 33.) Plaintiff sees Dr. Tata every two to three months for fifteen to thirty minutes per session. (*Id.*) Dr. Tata's progress notes indicated that Plaintiff had no problems with memory, thought process, or concentration. (AR 34) In October of 2008, Dr. Tata reported that Plaintiff had "better overall functioning." (*Id.*) However, in November of 2009, Dr. Tata reported that even with a maximum dose of medication and therapy, Plaintiff had been unable to hold a full-time job and probably would not be able to do so in the near future. (AR 35.) On April 20, 2010, Dr. Tata completed a mental impairment questionnaire, indicating that Plaintiff had a complete inability to function independently outside of her home and was unable to hold full-time employment. (AR 35.)

Plaintiff also saw psychologist Dr. Alper from 2005 to 2010, as often as once per week and as little as once per month, for about an hour and a half each visit. (AR 33.) Dr. Alper's treatment notes generally indicate that Plaintiff made limited progress in therapy, (AR 34), and Plaintiff testified that she normally does not do what Dr. Alper recommends, (AR 33). On March 24, 2009, Dr. Alper completed a short-form evaluation, wherein she indicated that Plaintiff's ability to perform activities within a schedule and maintain regular attendance, and to complete a normal workday and workweek were poor. (AR 34.)

Between the first and second hearings, the State agency requested that psychiatrist Dr. Mounir Soliman evaluate Plaintiff. (AR 36.) Dr. Solimon opined that Plaintiff was able to understand, carry out and remember simple and complex instructions; to interact with coworkers, supervisors, and the general public; to withstand the stress and pressures associated with an eight-hour workday and day-to-day activities. (*Id.*)

The ALJ noted in his written decision that the opinions of nontreating State agency medical consultants should be given weight only insofar as they are well supported by the evidence in the case record as a whole. (AR 36.) He also noted that "a treating physician's opinions is given considerable weight as set forth by Social Security Ruling 96-2p." (AR 37.) Though the opinions of treating physicians Drs. Tata and Alper contradicted Dr. Solimon's opinion, the ALJ gave no "controlling weight" to the opinions of Dr. Tata and

Dr. Alper. (*Id.*) The ALJ rejected Dr. Tata's opinion that Plaintiff would be unable to hold a full-time job because "Dr. Tata's conclusions are not supported by the totality of the medical evidence of record, as well as her own progress notes." (*Id.*) He also noted that Dr. Alper reported that Plaintiff's concentration and memory were normal before concluding that Dr. Alper's opinion was "inconsistent with the other substantial evidence of record." (*Id.*) The ALJ did not address Dr. Alper's opinion that Plaintiff's ability to perform activities within a schedule and maintain regular attendance, and to complete a normal workday and workweek were poor.

On April 28, 2011, Plaintiff filed a request for review of the decision. (AR 22.) The Appeals Council denied the request for review on September 12, 2012, and the ALJ's decision became the final decision of the Commissioner. (AR 1-4); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004).

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision by the Defendant denying her claim for disability insurance benefits. (Doc. No. 1.) She argues that the ALJ failed to give specific and legitimate reasons for rejecting the opinion of her treating psychologist, Dr. Alper. (Doc. No. 13 at 1:8.) She asks that this Court reverse the Commissioner's decision, credit the treating psychologist's opinion, and remand for further proceedings. *Id.*

## DISCUSSION

**A.   Legal Standards**

   **1.   Standard of Review for Social Security Determinations**

An unsuccessful applicant for social security disability benefits may seek judicial review of a final agency decision. 42 U.S.C. § 405(g). A reviewing court must affirm the agency's decision if it is supported by substantial evidence and applies the correct legal standards. *Id.*; *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

   **2.   Standard of Review for the Magistrate Judge's R & R**

A district judge must "make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)91); Fed. R. Civ. P. 72(b)(3); *see United*

*States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). The district judge "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.     Analysis**

Defendant objects to the R&R, arguing that the Magistrate Judge applied the wrong legal standard in assessing the ALJ's consideration of Dr. Alper's opinion. (Doc. No. 19 at 6:4-5.) Defendant also asserts that the ALJ did not "reject" Dr. Alper's opinion, but rather reasonably found that he could not give it controlling weight. (*Id.* at 6:16-18.) Additionally, Defendant contends that the Magistrate Judge failed to consider the record as a whole, (*Id.* at 8:8), and "inaccurately found that she was strictly bound to reviewing the explanation provided by the ALJ and could not consider other record evidence that supported his decision" (*Id.* at 8:19-21).

In response, Plaintiff argues that the law of the Ninth Circuit requires that the ALJ provide "specific and legitimate" reasons for rejecting the contradicted opinion of a treating source like Dr. Alper. (Doc. No. 20 at 4:11-18.) Plaintiff asserts that the ALJ ignored Dr. Alper's report regarding Plaintiff's poor adaptation and poor capacity to complete a workday or workweek without giving any reason, which is an error of law requiring reversal and remand. (*Id.* at 5-7.)

**1.     The ALJ Must Provide Specific and Legitimate Reasons for Rejecting a Treating Source's Opinion When it is Not Well-Supported and Inconsistent With Other Substantial Evidence in the Record.**

Plaintiff argues the ALJ improperly failed to provide specific and legitimate reasons for rejecting the opinion of her treating psychologist, Dr. Alper. (Doc. No. 13-1 at 9-10.) The Magistrate Judge agreed, stating, "Even if the treating physician's opinion does conflict with that of another doctor, the agency must still provide 'specific and legitimate' reasons supported by substantial evidence in the record for rejecting that opinion." (Doc. No. 18 at 17:21-23) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)).

20 C.F.R. § 404.1527(c)(2) states, "[g]enerally, we give more weight to opinions from your treating sources... If we find that a treating source's opinion on the issue(s) of the

nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight... We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."

The Defendant objects to the "specific and legitimate reasons" standard that the Magistrate Judge applied to the ALJ's rejection of Dr. Alper's opinion, arguing "[t]o the extent the Ninth Circuit's judicially-created standard exceeds the requirements set forth by Congress and by the Commissioner at the behest of Congress, it would appear to be improper." (Doc. No. 19 at 6:4-5.) However, the Social Security Administration has explained that a treating source's opinion is entitled to deference and in many cases will be entitled to the greatest weight even if it does not meet the test for controlling weight. 61 Fed. Reg. 34,490, 34,491. Given that a treating source has a "greater opportunity to observe and know the patient as an individual," where a treating source's opinion is not given controlling weight, the Ninth Circuit interprets the Commission's requirement of "good reasons" to mean "specific and legitimate reasons" supported by substantial evidence in the record. *Orn*, 495 F.3d at 631; *Murray v. Heckler*, 772 F.2d 499, 502 (9th Cir. 1983).

### 2. The ALJ Failed To Provide "Specific and Legitimate" Reasons For Rejecting the Treating Psychologist's Opinion.

The reasons provided by the ALJ for rejecting Dr. Alper's opinion are insufficient. The ALJ may satisfy the requirement by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (holding that the ALJ merely stating that the objective factors point toward an opposite conclusion is inadequate).

Dr. Alper, who was Plaintiff's treating psychologist from 2005 to 2010, reported that Plaintiff was unable to adapt to demands, and that her ability to maintain a schedule and

complete a normal workday or workweek was poor. (AR 373.) Dr. Alper also reported that Plaintiff's concentration and memory were fair. *Id.* Dr. Solimon, who did not treat Plaintiff but only evaluated her on a single occasion, concluded that Plaintiff was capable of performing unskilled, non-public work. (AR 782.) Without providing specific and legitimate reasons in support of his decision, the ALJ credited Dr. Solimon's opinion and rejected Dr. Alper's contrary opinion. (AR 37.) This failure was an error of law.

### a. The ALJ Did Not Address Dr. Alper's Opinion.

The Defendant argues that the ALJ did not "reject" Dr. Alper's opinion, but rather "after careful consideration, he found that he could not give it 'controlling weight.'". (Doc. No. 19 at 6:16-18.) However, while the ALJ listed a number of Dr. Alper's opinions about Plaintiff's disabling symptoms and limitations in his summary of the record (AR 34-35), he actually *addressed* only Dr. Alper's view about Plaintiff's concentration and memory (AR 37). The ALJ did not evaluate Dr. Alper's conclusion about Plaintiff's inability to adapt to demands, or to maintain a schedule and complete a normal workday or workweek. Without an explanation, this Court cannot tell if the ALJ rejected or simply ignored that evidence.

### b. The ALJ's Failure to Provide Specific and Legitimate Reasons for Crediting Dr. Solimon's Opinion Over That of Dr. Alper is an Error of Law.

First, the ALJ did not specifically point to inconsistencies in Dr. Alper's progress notes, as he did for Dr. Tata. Rather, he merely concluded that Dr. Alper's opinions were "not supported by objective evidence and were not consistent with other substantial evidence of record." (AR 37.) Such conclusory analysis of the treating source's opinion is inadequate. *Embrey*, 849 F.2d at 422 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.")

Second, the ALJ relied on the opinion of the State's medical consultant, Dr. Solimon, over Dr. Alper in making his conclusion that Plaintiff is capable of performing unskilled, non-public work. (AR 36-37.) However, the ALJ did not explicitly reject Dr. Alper's contradictory opinion, nor did he give specific and legitimate reasons for crediting Dr.

Solimon over Dr. Alper. When an ALJ neither explicitly rejects the opinion of a treating source nor sets forth specific, legitimate reasons for crediting a non-treating source over a treating source, that is an error of law. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996).

### c.    This Court Cannot Look Outside the ALJ's Opinion

Defendant argues that the ALJ reasonably discredited Dr. Alper's opinion regarding Plaintiff's inability to adapt to demands, to maintain a schedule, and complete a normal workday or workweek, because the record evidence is inconsistent with this opinion. (Doc. No. 19 at 7:8.) Defendant cites reviewing psychiatrist Dr. Williams' observation that Plaintiff's "sense of entitlement" and "beliefs about herself do not equate to disability." (*Id.* at 7:9-14.) Defendant also points out that Dr. Alper's own treatment notes support the ALJ's ultimate determination. (*Id.* at 7:15-25.)

The problem with these arguments is that this Court cannot know what the ALJ took into account in deciding to reject Dr. Alper's opinion regarding Plaintiff's inability to adapt to demands, maintain a schedule, and complete a normal workday or workweek, because the ALJ did not explain his reasons for crediting some of Dr. Alper's opinions and ignoring others. This Court reviews only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely. *Orn*, F.3d at 631; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss."). While it may be reasonable for the ALJ to recognize that the opinions of non-treating sources as well as Dr. Alper's own notes contradict her opinion, the Commission mandates that the ALJ provide good reasons. 20 C.F.R. § 404.1527(c)(2).

### 3.    Credit

A reviewing court is entitled to credit as true evidence and remand for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required

to find the claimant disabled were such evidence credited. *Smolen v. Chater*, 80 F.3d 1273, 1293 (9th Cir. 1996).

This case should be remanded for additional findings because the ALJ failed to provide any reasons for disregarding Dr. Alper's findings that Plaintiff demonstrated an inflexibility that resulted in poor adaptation to demands, that her ability to perform activities within a schedule and maintain regular attendance and her ability to complete a normal workday or workweek were poor. (AR 34-35.) These restrictions may affect Plaintiff's residual functional capacity, which is "crucial to the evaluation" of her capacity to perform substantial gainful activity when her impairment does not meet or equal a listing, but is nonetheless severe. 20 C.F.R. § 404, subpart P, appendix 1 § 12.00.

## **CONCLUSION**

This Court OVERRULES the Objections, ADOPTS the R& R, GRANTS Plaintiff's Motion for Summary Judgment, DENIES Defendant's Cross-Motion for Summary Judgment, and REVERSES and REMANDS the final decision of the Commissioner to the Social Security Administration for a proper evaluation in accordance with the R&R and this Order.

IT IS SO ORDERED.

DATED: October 9, 2013

Hon. Anthony J. Battaglia
U.S. District Judge